UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -v-

WINSETT DERRICK STUBBS,

                  Defendant.
_____

**DECISION & ORDER**

18-CR-6093-MAV

Presently before the Court is the issue of Defendant Winsett Derrick Stubbs' detention pending further proceedings on his alleged violation of the conditions of supervised release. For the reasons set forth below, Stubbs is ordered to be detained pending his revocation hearing. He is not precluded from seeking a detention hearing under Rule 32.1(b) in the meantime.

## BACKGROUND

On July 26, 2018, Stubbs was convicted by plea on a felony information charging two counts of bank robbery in violation of 18 U.S.C. § 2113(a). ECF Nos. 15–16. On May 20, 2019, Stubbs was sentenced by Hon. David G. Larimer to a total term of 84 months imprisonment and 3 years of supervised release. ECF Nos. 25–26.

Stubbs began his period of supervised release on December 22, 2023. ECF No. 35 at 1. On December 19, 2024, the United States Probation Office ("Probation Office") informed the Court that it had reason to believe Stubbs had violated two standard conditions of his supervised release: (1) living at a place approved by the probation officer, and (2) following the instructions of the

1

probation officer related to the conditions of supervision. ECF No. 35 at 1–2. A warrant for Stubbs' arrest was issued on December 20, 2024. ECF No. 35. At his initial appearance on January 10, 2025, Stubbs was ordered detained, but on January 14 agreed to the Probation Office's recommendation that he be released to the Salvation Army Adult Rehabilitation Program. ECF No. 38.

On January 24, 2025, the Probation Office informed the Court that it believed Stubbs had again violated the conditions of his supervision that he live in a place approved by his probation officer and follow his probation officer's instructions, and another warrant was issued for his arrest. ECF No. 39. Specifically, the Probation Office had been notified by the Salvation Army Adult Rehabilitation Center that Stubbs "was being unsuccessfully discharged for stealing." *Id.* at 2. After his initial appearance before the Court, Stubbs was again detained. ECF No. 40. On February 7, 2025, he was released with conditions, including that he reside at the Francis Center, participate in location monitoring via GPS, and observe a curfew. ECF Nos. 43–44. He later moved to the "Grace House" with the Probation Officer's approval. ECF No. 45 at 2.

On March 25, 2025, a warrant was issued for Stubbs' arrest. On March 27, 2025, Stubbs was again before the Court, and the Probation Office indicated that it had reason to believe Stubbs had violated the conditions of his supervision yet again, this time with respect to the conditions of the location monitoring program. ECF No. 45. The Probation Office alleged that on March 25, 2025, Stubbs failed to return to the Grace House for his required curfew, and GPS mapping indicated

that he stayed at a different residence at which he had already been instructed not to stay. ECF No. 45 at 2. He was ordered detained pending further revocation proceedings.

At his appearance, Stubbs, through counsel, objected to the Court's order that he be detained pending further proceedings. ECF No. 46. He submitted a Memorandum in Opposition on March 31, 2025 (ECF No. 47, *as amended* ECF No. 48), and the government responded on April 3, 2025 (ECF No. 50).

## LEGAL PRINCIPLES

18 U.S.C. § 3583(a) authorizes "[t]he court, in imposing sentence to a term of imprisonment for a felony . . . [to] include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." The statute also instructs the Court to impose a number of explicit conditions on the defendant's supervised release, and authorizes the Court to order further conditions in accordance with the law. 18 U.S.C. § 3583(d). "If there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him." 18 U.S.C. § 3606.

Federal Rule of Criminal Procedure 32.1(a)(3) outlines the procedure once the defendant is taken before the court. He must be informed of the alleged violation, his right to retain counsel or have counsel appointed, and his right to a preliminary hearing under 32.1(b) to determine whether there is probable cause

3

to believe a violation occurred. Fed. R. Crim. P. 32.1(a)(3)(A)–(C). Further, 32.1(a)(6) outlines the procedure that governs the court's consideration of a defendant's release or detention pending a hearing on an alleged violation of supervised release. *See* Fed. R. Crim. Pro. 46(d). Rule 32.1(a)(6) provides that the court "may release or detain the [defendant] under 18 U.S.C. § 3143(a) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). In pertinent part, 18 U.S.C. § 3143(a) states:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .

18 U.S.C. § 3143(a)(1). "The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

Under 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release, "and require the defendant to serve in prison all or part of the term of supervised release authorized by the statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of . . . supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3); *see also United States v. Peguero*, 34 F.4th 143, 159 (2d Cir. 2022) (affirming that revocation of supervised release

under 18 U.S.C. § 3583(e)(3) is constitutional).

## DISCUSSION

In his amended memorandum, Stubbs adopts the position from *United States v. Mercado*, No. 13-CR-181 (SRU), 2025 WL 297429 (D. Conn. Jan. 24, 2025). He argues that his detention is not authorized under 18 U.S.C. § 3143(a) because he has "neither been (1) 'found guilty of an offense' nor is he (2) 'awaiting imposition or execution of sentence,'" and that Rule 32.1 cannot be the source of the Court's authority to order him detained because a procedural rule cannot "abridge, enlarge or modify any substantive right." ECF No. 48 at 4–5. The government responds that Rule 32.1 is a presumptively valid provision with the force of law, and detention is warranted for the other reasons set forth by this Court in *United States v. Malta*, Case No. 09-CR-6018. ECF No. 50.

A.  **The *Mercado* decision**

The *Mercado* court noted that the Non-Detention Act prohibits the detention of a United States citizen without statutory authorization. *Mercado*, 2025 WL 297429, at *1. The court then identified two grounds for its finding that 18 U.S.C. § 3143(a) could not authorize the detention of a defendant prior to the revocation of his supervised release.

First, the *Mercado* court examined 18 U.S.C. § 3143(a)'s application to "a person who has been found guilty of an offense." The court stated that in order to avoid Double Jeopardy concerns, 18 U.S.C. § 3143(a) could only authorize a defendant's detention if "he were found guilty of a *new* offense." *Mercado*, 2025

5

WL 297429 at *4. The court further reasoned that a defendant awaiting a hearing on an alleged violation of his supervised release had not yet been found guilty, and concluded that 18 U.S.C. § 3143(a) was inapplicable. *Id.*

Second, the *Mercado* court stated that a defendant could not be detained prior to the revocation of his supervised release because he is awaiting neither the imposition nor the execution of his sentence, as required by 18 U.S.C. § 3143(a). *Mercado*, 2025 WL 297429 at *4–5.

Lastly, in addition to explaining the grounds for finding 18 U.S.C. § 3143(a) could not authorize the detention of a defendant prior to the revocation of his supervised release on its own, the *Mercado* court rejected the argument that the detention was authorized by Rule 32.1 when read in connection with § 3143(a). *Mercado*, 2025 WL 297429 at *6. The court reasoned that the Federal Rules of Criminal Procedure cannot "abridge, enlarge, or modify any substantive right." *Id.* (quoting 28 U.S.C. § 2072(b)).

**B.    The Court respectfully disagrees**

As indicated above, 18 U.S.C. § 3606 provides that a person on supervised release "may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him" if there is probable cause to believe he has violated a condition of his release. The Court notes that at the time of his appearance on March 27, 2025, Stubbs was held in federal custody pursuant to a valid warrant issued on March 25, 2025, the probable cause behind which was articulated in a "Second Amended Petition for Warrant or Summons

of Offender Under Supervision." ECF No. 45 at 1. In short, Stubbs' initial detention was expressly authorized by statute.

More to the point, contrary to the conclusions of the *Mercado* court, and of Judge McCarthy in *United States v. Wade*, No. 1:09-CR-260-WMS-JJM, 2025 WL 786383 (W.D.N.Y. Mar. 12, 2025), the Court finds that Stubbs' continued detention prior to his revocation hearing is also expressly authorized by statute. Having considered the reasoning of the *Mercado* and *Wade* decisions, the statutes themselves, and relevant Supreme Court and Second Circuit precedent, the Court concludes that 18 U.S.C. § 3143(a)(1) authorizes a judicial officer to order detention of a defendant on supervised release pending a revocation hearing. *See, e.g., United States v. Smith*, No. CR 08-376, 2020 WL 2747671, at *3 (W.D. Pa. May 27, 2020) ("Section 3143(a)(1) creates a rebuttable presumption in favor of detention.") (citation omitted).

To begin with, the person alleged to have violated a condition of his supervised release is "a person who has been found guilty of an offense" under 18 U.S.C. § 3143(a)(1). Binding Supreme Court and Second Circuit precedent holds that sanctions for violations of supervised release are attributable to the defendant's original conviction. *See, e.g., Johnson v. United States*, 529 U.S. 694, 701 (2000) ("We therefore attribute post[-]revocation penalties to the original conviction."); *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("Imposition of supervised release is authorized by the original conviction, and so too are the consequences of its violation."). The *Mercado* court's conclusion that

7

Case 6:18-cr-06093-MAV   Document 52   Filed 04/11/25   Page 8 of 11

18 U.S.C. § 3143(a)(1) could only authorize a defendant's detention if "he were found guilty of a *new* offense" is inconsistent with this precedent. *See, e.g., Peguero,* 34 F.4th at 161 ("[B]ecause the requirement that a defendant abide by the conditions of supervised release flows directly from the original sentence, revoking a term of supervised release for violating such conditions is not a new criminal prosecution.").

Moreover, the person alleged to have violated a condition of his supervised release is "awaiting the imposition or execution of sentence" under 18 U.S.C. § 3143(a)(1). The Supreme Court has stated that, as a component of the initial sentence, "[s]upervised release is a form of post[-]confinement monitoring that permits a defendant a kind of conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont v. United States*, 587 U.S. 514, 523 (2019). Similarly, the Second Circuit has described supervised release as "a *suspension of the execution of the sentence* imposed after that conviction." *Villiers v. Decker*, 31 F.4th 825, 834 (2d Cir. 2022) (emphasis added) (quoting *United States v. Markovich*, 348 F.2d 238, 241 (2d Cir. 1965)). In other words, the courts equate the time a defendant is on supervised release to a suspension of the execution of the original sentence insofar as he is released on certain conditions which, if violated, could result in reimprisonment attributable to his original conviction. Thus, a defendant validly detained upon probable cause to believe that he has violated the conditions of his supervised release is "awaiting the execution of his sentence" under 18 U.S.C. § 3143(a)(1).

8

Finally, Rule 32.1(a)(6) does not "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b). "While an individual whose release is sought to be revoked is entitled to due process such as notice of the alleged grounds for revocation, a hearing, and the right to testify at such a hearing, due process does not entitle him to the full range of rights he would have in a criminal prosecution." *Villiers*, 31 F.4th at 833 (citing *Morrissey v. Brewer*, 408 U.S. 471, 480–82 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82 (1973); *Johnson*, 529 U.S. at 700).

Courts have generally recognized that the defendant is also entitled to pursue release after his initial arrest: "even prior to amending Rule 32.1, the courts applied the Bail Reform Act when determining if an offender should be released or detained pending further revocation proceedings." *United States v. Woodard*, No. 4:10CR3083, 2011 WL 1790818, at *2 (D. Neb. Apr. 19, 2011), *report and recommendation adopted*, No. 4:10CR3083, 2011 WL 1780543 (D. Neb. May 10, 2011) (citing, *inter alia, United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994) ("... we hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143."); *U.S. v. Prescott*, 360 Fed. App'x 209 (2d Cir. 2010); *U.S. v. Smith*, 500 F.3d 27 (1st Cir. 2007); *United States v. Mincey*, 482 F. Supp. 2d 161 (D. Mass. 2007)).

Thus, "[t]he language of Rule 32.1(a)(6) was 'designed to end confusion regarding the applicability of 18 U.S.C.[ ] § 3143(a) to release or detention

decisions involving persons on probation or supervised release, and to clarify the burden of proof in such proceedings.'" *Woodard*, No. 4:10CR3083, 2011 WL 1790818, at *2 (quoting Fed. R. Crim. P. 32.1, Advisory Committee Notes (2010 Amendments)). That is, Rule 32.1(a)(6) did not enlarge or abridge a substantive right; it clarified the means by which the defendant can be released or detained pending further proceedings. *See United States, v. Deshaw*, No. CR 21-30-BU-DLC, 2025 WL 1024315, at *2 (D. Mont. Apr. 7, 2025); *United States v. Rawls*, No. 4:18-CR-49-DPM, 2022 WL 2439571, at *2 (E.D. Ark. July 5, 2022). *See also* Fed. R. Crim. P. 32.1, Advisory Committee Notes (2002 Amendments) ("The Committee believes that the new language [regarding defendant's burden] is not a substantive change because it makes no change in practice.").

In the present case, by including a term of supervised release in Stubbs' sentence, Judge Larimer granted him "a term of conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont*, 587 U.S. at 523. As such, the maximum term of imprisonment that Stubbs faced for his original bank robbery convictions was the 84 months of imprisonment that Judge Larimer ordered, plus – if he is found to have violated the conditions of his release – the full term of his supervised release without credit for the time previously served on post-release supervision. *See Peguero*, 34 F.4th at 160.

Further, Stubbs was arrested on a valid warrant consistent with 18 U.S.C. § 3606, and brought before the Court for his initial appearance in accordance with Federal Rule of Criminal Procedure 32.1. However, at his appearance, Stubbs

offered no evidence to suggest that he would not flee or pose a danger to other people or the community. Therefore, Stubbs's detention as "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence," is authorized under 18 U.S.C. § 3143(a)(1). Nothing at this point precludes Stubbs from seeking a detention hearing under Federal Rule 32.1(b).

Accordingly, it is hereby ORDERED that Defendant Winsett Derrick Stubbs be detained pending further proceedings.

SO ORDERED.

DATED:   April 10, 2025
         Rochester, New York

                                    _____
                                    HON. MEREDITH A. VACCA
                                    United States District Judge