UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,                                        18-CR-06093 (MAV)

vs

WINSETT DERRICK STUBBS,                           DECISION AND ORDER

Defendant.

On May 20, 2019, Winsett Derrick Stubbs ("Defendant") was sentenced by the United States District Court in the Western District of New York to 84 months imprisonment on two counts of Bank Robbery in violation of Title 18 U.S.C. § 2113(a), to run concurrently, followed by 3 years of supervised release for each count, to run concurrently. Defendant is expected to complete his term of supervised release on December 21, 2026.

On February 23, 2026, Defendant filed a motion for early termination of his supervised release. ECF No. 59. The Government opposes. ECF No. 61. The motion is presently before the Court for decision.

## LEGAL STANDARD

The Court's authority for early termination of a defendant's supervised release is provided by 18 U.S.C. § 3583(e)(1), which states:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that

such action is warranted by the conduct of the defendant released and the interest of justice. . . .

The relevant Section 3553(a) factors that the Court must consider include, *inter alia,* the nature and circumstances of the offense; the need for the sentence imposed to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. District courts are not required to make specific findings of fact with respect to each of these factors; rather, "the district court need only provide some indication of the rationale for its ruling in order to allow for meaningful appellate review." *United States v. Cottom,* No. 23-7527, 2024 WL 4509163, at *2 (2d Cir. Oct. 17, 2024) (quotation and brackets omitted).

"Significantly, early termination of supervised release is not warranted as a matter of course," *United States v. Cohen,* 724 F. Supp. 3d 251, 256 (S.D.N.Y. 2024) (quotation omitted), and "is only 'occasionally' justified due to 'changed circumstances,' such as 'exceptionally good behavior by the defendant,' that 'render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *Id.* (quoting *United States v. Lussier,* 104 F.3d 32, 36 (2d Cir. 1997)). "[A]lthough exceptionally good behavior or extraordinary circumstances may justify early termination of

supervised release, it is not necessarily a prerequisite to early termination." *United States v. Stacharczyk*, 719 F. Supp. 3d 243, 246 n.3 (W.D.N.Y. 2024); *see United States v. Melendez-Lebron*, No. 14-cr-201, 2024 WL 4297021, at *1 (W.D.N.Y. Sept. 26, 2024). "The burden of proof for establishing entitlement to early termination of supervised release lies with the defendant." *United States v. Weiss*, No. 21-cr-00457, 2022 WL 3214914, at *2 (S.D.N.Y. Aug. 9, 2022) (quotation and brackets omitted).

## DISCUSSION

Defendant argues that his term of supervised release should be terminated because he has served more than two-thirds of the imposed term, has re-entered the community as a productive member performing volunteer work, obtained stability through his efforts with his mental health and substance abuse treatment, and is currently compliant with the terms of his supervised release. ECF No. 59 ¶15–17. The Government, while recognizing that Defendant's recent improvements and compliance are commendable, opposes early termination. *See* ECF No. 61. After due consideration of Defendant's request, the Court finds that early termination is not warranted at this time.

While Defendant's compliance with the terms of his supervised release is commendable, "simply complying with the terms of supervised release does not generally justify early termination[,]" *Stacharczyk*, 719 F. Supp. 3d at 246, as "full compliance with the terms of supervised release is what is expected of a person." *United States v. Berrios*, No. 95 Cr. 84, 2010 WL 1010022, at *2 (S.D.N.Y. Mar. 16, 2010) (quotation omitted); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y.

2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."). "[F]ull compliance with the terms of supervised release, without more, *generally* does not warrant early termination . . . [because] if every defendant who complied with the terms of a supervised release were entitled to early termination, the exception would swallow the rule." *United States v. Kassim*, No. 15-cr-00554, 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (quotation omitted and emphasis added). Here, Defendant's compliance with the terms of his supervised release, while laudable, "were fully expected of him and therefore do not warrant early termination of supervised release." *Weiss*, 2022 WL 3214914, at *3.

Further, after consideration of the applicable factors set forth in Section 3553(a), the Court finds that early termination of supervised release is not warranted. Of note, the Court finds that the serious nature and circumstances of Defendant's offenses of conviction – two counts of Bank Robbery – weighs against termination. *See* 18 U.S.C. §§ 3553(a)(1). Defendant waived indictment and was convicted by plea on a felony information that alleged Defendant, by force, violence, and intimidation, robbed two different banks on two different days. ECF Nos. 14–16.

The Court has also considered the need to afford adequate deterrence to criminal conduct and to protect the public from future criminal conduct by Defendant. As Judge Larimer indicated, Defendant's "prior criminal record . . . is significant and is at the highest level, Level VI . . . ." ECF No. 33 at 2; *see also* ECF No. 61 at 3 (pointing out that Defendant's "Criminal History category VI [was] based on his 15 prior convictions . . . ."). *Id.* Moreover, before Defendant's conditions were modified to

4

require his residence at Finger Lakes Area Counseling and Recovery in April 2025 (ECF No. 55), Defendant was twice before the Court on allegations that he violated the terms of his supervised release on multiple occasions. *See, e.g.,* ECF Nos. 39, 45. That Defendant has showed restraint following the modification of his conditions in response to the intervention of the United States Probation Office regarding these alleged violations suggests that the present term of supervised release provides protection to the public against future criminal conduct by Defendant. It also suggests the need for the full term of supervised release to provide Defendant with correctional treatment in the most effective manner.

The Court has considered the other applicable Section 3553(a) factors and concludes that granting Defendant's motion to terminate the remainder of his supervised release would not be in the interest of justice.

## CONCLUSION

Accordingly, Defendant's motion for early termination of supervised release is hereby DENIED without prejudice to renewing his request in the future.

SO ORDERED.

DATED:    April 13, 2026
         Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge

5